IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2005 Session

# JAMES KILLINGSWORTH, ET AL. v. TED RUSSELL FORD, INC.

**Circuit Court for Knox County**
**No. 1-149-00     Dale C. Workman, Judge**

---

**No. E2004-02597-COA-R3-CV - FILED JANURAY 5, 2006**

---

CHARLES D. SUSANO, JR., concurring in part and dissenting in part.

I concur completely in the majority's conclusion that "the facts preponderate against the Trial Court's holding that only $2,000 in fees was a reasonable amount for work performed at the trial court level." I also agree with the majority's decision that $6,500 is a reasonable fee for counsel's work at the trial court level.

I disagree, however, with the majority's determination essentially holding that the trial court lacked jurisdiction to address fees for services performed on the previous appeal because of the plaintiff's failure to *expressly* ask for fees associated with the appellate work of his counsel. As the majority correctly points out, we held, in the first appeal, that the plaintiff's complaint seeking relief under the TCPA was broad enough to put the defendant on notice that he was seeking attorney's fees, among other relief. *Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 533-34 (Tenn. Ct. App. 2002). I also agree with the majority that the language of Tenn. Code Ann. § 47-18-109(e) is broad enough to include fees on appeal.

Our opinion in the first appeal remanded this case under a fairly broad mandate:

> We conclude that the factual predicate upon which the trial court made its determination regarding fees and expenses was in error. We therefore remand this case to the trial court for a determination of whether the claimed services of the purchasers' counsel were actually performed; whether the work was necessary; and whether the claimed rates were reasonable; and then to set the fee based upon those determinations under the guidance of the factors set forth in DR 2-106.

***Killingsworth,*** 104 S.W.3d at 537. In my judgment, this mandate was broad enough to authorize the trial court to address not only the issue of fees for services performed at the trial court level but also fees for the appellate work. Accordingly, I would affirm the trial court's award of $4,500 for that appellate work.

Accordingly, I concur in part and dissent in part.

_____
CHARLES D. SUSANO, JR., JUDGE